KSC/08.15.22



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| Peter J. Martinez<br>Assistant United States Attorney<br>Peter.Martinez@usdoj.gov | 36 South Charles Street<br>Suite 400<br>Baltimore, MD 21201-3119 | DIRECT: 410-209-4984<br>MAIN: 410-209-4800<br>FAX: 410-962-0716 |

August 15, 2022

**BY EMAIL**

Joseph Murtha, Esq.
1301 York Road, Suite 200
Lutherville, MD 21093
Email: jmurtha@ricelawmd.com

    Re:    <u>United States v. Trayvon Hall</u>, Criminal No. CCB-19-0568

Dear Counsel:

    This letter, together with the Sealed Supplement, confirms the plea agreement (the "Agreement") that has been offered to your client, Trayvon HALL, a/k/a "Tru" (hereinafter the "Defendant"), by the United States Attorney's Office for the District of Maryland (the "Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **Friday, August 19, 2022**, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offenses of Conviction

    1.    The Defendant agrees to plead guilty to Counts One and Two of the Superseding Indictment charging the Defendant with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and conspiracy to distribute 100 grams or more of heroin and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The Defendant admits that the Defendant is, in fact, guilty of the offenses, and will so advise the Court.

### Elements of the Offenses

    2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows.

Count One: Racketeering Conspiracy, 18 U.S.C. § 1962(d)

That from in or about 2008 continuing until on or about the date of the Superseding Indictment, in the District of Maryland,

    a.    an enterprise existed as alleged in the Superseding Indictment;

b. the enterprise affected interstate or foreign commerce;

c. the Defendant was associated with or employed by the enterprise; and

d. the Defendant knowingly and willfully conspired with one or more persons to conduct and participate in the affairs of the enterprise through a pattern of racketeering activity.

Count Two: Drug Trafficking Conspiracy, 21 U.S.C. § 846

That from in or about 2008 continuing until on or about the date of the Superseding Indictment, in the District of Maryland,

a. an agreement existed between two or more persons to violate the drug laws of the United States by distributing or possessing with the intent to distribute heroin and cocaine base;

b. that the Defendant was a party to, or member of, that agreement;

c. that it was foreseeable to the Defendant that the conspiracy would distribute 100 grams or more of heroin and 28 grams or more of cocaine base; and

d. the Defendant knowingly entered into that agreement.

### Penalties

3. The maximum penalties provided by statute for each offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Min. Prison | Max. Prison | Supervised Release | Max. Fine | Special Assessment |
|---|---|---|---|---|---|---|
| One | 18 U.S.C. § 1962(d) | N/A | 20 years | Max: 3 years | $250,000 | $100 |
| Two | 21 U.S.C. §§ 846, 841(b)(1)(B) | 5 years | 40 years | Min: 4 years Max: Life | $5 million | $100 |

a. *Prison*: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b. *Supervised Release*: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

Rev. August 2018

      c.     *Restitution*: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

      d.     *Payment*: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

      e.     *Forfeiture*: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

      f.     *Collection of Debts*: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (i) the full amount of the fine or restitution is nonetheless due and owing immediately; (ii) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (iii) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

### Waiver of Rights

4.     The Defendant understands that, by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

      a.     If the Defendant had pleaded not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      b.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.     If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to

present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

    d.  The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

    e.  If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed that would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f.  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" provisions below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

    g.  If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced case, and the Court will find the Defendant guilty.

    h.  By pleading guilty, the Defendant also will be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that, if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## **Advisory Sentencing Guidelines Apply**

  5.  The Parties stipulate and agree pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the sentence outlined in paragraph 9 is an appropriate disposition of the case. The Defendant understands that the Court will determine a sentencing guidelines range

for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551–3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991–98. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

   a. The parties agree and stipulate that pursuant to U.S.S.G. § 2E1.1(a)(2), the offense level for racketeering conspiracy is the greater of offense level 19 or the offense level applicable to the underlying racketeering activity. Pursuant to U.S.S.G. § 1B1.3, the underlying racketeering activities in this case involve acts, committed, aided, abetted, counseled, commanded, induced, or willfully caused by the Defendant, as well as all those acts reasonably foreseeable to him in furtherance of the jointly undertaken criminal enterprise, and include, among others:

   i. Conspiracy to distribute and possess with the intent to distribute heroin and cocaine base, in violation of 21 U.S.C. § 846,

   ii. Distribution and possession with intent to distribute heroin and cocaine base, in violation of 21 U.S.C. § 841,

   iii. Witness tampering, in violation of 18 U.S.C. § 1512, and

   iv. Murder, chargeable under Md. Code Ann., Crim. Law §§ 2-201 and 2-204 (Maryland Murder) and 2-205, and 2-206 (Maryland Attempted Murder), and the Common Law of Maryland, and punishable pursuant to Md. Code Ann., Crim. Law §§ 1-201, 1-202, 2-201, 2-204, 2-205, and 2-206.

   b. With respect to the conspiracy to distribute and distribution and possession with intent to distribute heroin and cocaine base, the base offense level is **26** pursuant to U.S.S.G. § 2D1.1(c)(8) because the offense involved at least 400 grams but less than 700 grams of heroin. There is a **2-level enhancement** pursuant to U.S.S.G. § 2D1.1(b)(1) because a firearm was possessed. There is an additional **2-level enhancement** pursuant to U.S.S.G. § 2D1.1(b)(2) because the defendant used, threatened to use, or made a credible threat to use violence. The adjusted offense level is **30**.

   c. With respect to the witness tampering, the base offense level is **14** pursuant to U.S.S.G. § 2J1.2(a). There is an **8-level enhancement** pursuant to U.S.S.G. § 2J1.2(b)(1)(B) because the offense involved threatening to cause physical injury to a person in order to obstruct the administration of justice. The adjusted offense level is **22**.

      d.    With respect to the murder of Albert Pittman on July 18, 2016, the base offense level is **43** pursuant to U.S.S.G. § 2A1.1(a).

      e.    With respect to the murder of Shyheim Brown on November 11, 2016, the base offense level is **43** pursuant to U.S.S.G. § 2A1.1(a).

      f.    With respect to the attempted murder of Victim 5 and Victim 8 on November 11, 2016, the base offense level is **33** pursuant to U.S.S.G. § 2A2.1(a)(1) because the object of the offense would have constituted first-degree murder. There is a **4-level increase** in the offense level because the victims sustained life-threatening bodily injury. The adjusted offense level is **37**.

      g.    With respect to the murder of Steven McKnight on July 6, 2018, the base offense level is **43** pursuant to U.S.S.G. § 2A1.1(a).

      h.    With respect to the attempted murder of Victim 18 on July 6, 2018, the base offense level is **33** pursuant to U.S.S.G. § 2A2.1(a)(1) because the object of the offense would have constituted first-degree murder. There is a **4-level increase** in the offense level because the victim sustained life-threatening bodily injury. The adjusted offense level is **37**.

      i.    With respect to the conspiracy to murder of Victim 22 on May 19, 2019, the base offense level is **33** pursuant to U.S.S.G. § 2A2.1(a)(1) because the object of the offense would have constituted first-degree murder. There is a **4-level increase** in the offense level because the victim sustained life-threatening bodily injury. The adjusted offense level is **37**.

      j.    Pursuant to the grouping rules of U.S.S.G. § 3D1.4(c), the combined offense level is **50**.

      k.    This Office does not oppose a **2-level** reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. §3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional **1-level** decrease, in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. §3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. §3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offenses; (iii) gives conflicting statements about the Defendant's involvement in the offenses; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

      l.    The anticipated total offense level is **47**.

7.    There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final

offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

8. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

### Rule 11(c)(1)(C) Plea

9. With respect to Count Two, the parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 480 months in the custody of the Bureau of Prisons, followed by four years of supervised release, is the appropriate disposition of this case. With respect to Count One, the parties stipulate and agree that a concurrent sentence of 240 months imprisonment, followed by three years of supervised release, is the appropriate disposition of this case. This Agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea.

### Obligations of the Parties

10. With respect to Count Two, this Office will recommend a sentence of 480 months imprisonment in the custody of the Bureau of Prisons, followed by 5 years of supervised release. With respect to Count One, this Office will recommend a concurrent sentence of 240 months of imprisonment, followed by three years of supervised release. This office will also move to dismiss any open counts against the Defendant.

11. The parties jointly recommend that pursuant to U.S.S.G. § 5G1.3, the Court should adjust the Defendant's sentence to account for his term of imprisonment in *United States v. Trayvon Hall*, RDB-19-355, if the Court determines such term of imprisonment will not be credited towards the Defendant's sentence, as the parties expect will be the case pursuant to 18 U.S.C. § 3585(b).

12. This Office reserves the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office deems relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Forfeiture

13. The Defendant understands and agrees that, as a result of his guilty plea, he will not be permitted to own, possess, or use a firearm or ammunition.

14. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense, including: the .40 caliber Smith & Wesson firearm with serial number HLA8409.

15. The Defendant agrees to consent to the entry of such an Order of Forfeiture and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

16. The Defendant agrees to assist fully in the forfeiture of any such property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

17. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

## Defendant's Conduct Prior to Sentencing and Breach

18. Between now and the date of sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

19. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (a) this Office will be free from its obligations under this Agreement; (b) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C);

and (c) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Waiver of Appeal

20. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute, to the extent such challenges legally can be waived.

   b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term or condition of supervised release, or order of forfeiture) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, or term or condition of supervised release).

21. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned case and agrees not to file any request for documents from this Office or any investigating agency.

### Court Not a Party

22. The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, the Defendant will be informed that he may withdraw his plea pursuant to Rule 11(c)(5)(C). If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or

Rev. August 2018

representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

**Entire Agreement**

23. This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties, and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Sincerely,

Erek L. Barron
United States Attorney

By: _____
Peter J. Martinez
Kim Y. Oldham
Assistant United States Attorneys

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

8/16/2022                               _____
Date                                    Trayvon Hall

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement, with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

8/16/2022                               _____
Date                                    Joe Murtha, Esq.

Rev. August 2018