**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4723**

———————

UNITED STATES OF AMERICA,

                      Plaintiff - Appellee,

     v.

TRAYVON HALL, a/k/a Tru, a/k/a G-Tru,

                      Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge. (1:19-cr-00568-RDB-2)

———————

Submitted: August 29, 2023                      Decided: August 31, 2023

———————

Before KING, AGEE, and BENJAMIN, Circuit Judges.

———————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————

**ON BRIEF:** Dallas F. Kratzer III, STEPTOE & JOHNSON PLLC, Columbus, Ohio, for Appellant. Peter Jeffrey Martinez, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trayvon Hall pleaded guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) agreement, to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1), and conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (Count 2). Hall and the Government agreed that Hall should be sentenced to 480 months' imprisonment on Count 2 and a concurrent term of 240 months' imprisonment on Count 1. The parties also agreed that Hall's sentence should be adjusted to account for time that he had served in federal prison for a separate offense. The district court accepted the Rule 11(c)(1)(C) agreement and sentenced Hall to 454 months and 13 days of imprisonment on Count 2 and a concurrent term of 240 months of imprisonment on Count 1. The district court also imposed a five-year term of supervised release on Count 2 and a concurrent three-year term of supervised release on Count 1.

On appeal, Hall's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Hall's guilty plea is valid and whether Hall's sentence is reasonable. As to Hall's sentence, Hall's counsel questions whether the district court properly considered certain conduct when imposing sentence, including the conduct of Hall's coconspirators and Hall's conduct related to dismissed charges, and whether an unwarranted disparity exists between Hall's sentence and the sentences of his coconspirators. Hall has filed a pro se brief making three arguments: (1) his guilty plea to Count 1 is invalid because the district court failed to adequately explain the elements of that offense, and because the written factual basis is

insufficient to support his conviction on that count; (2) a conflict exists between the district court's oral pronouncement of his prison sentence and the written judgment's description thereof; and (3) his counsel in the district court rendered ineffective assistance by failing to pursue the preceding arguments. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Hall's plea agreement. For the reasons stated below, we affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). Upon review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Hall knowingly and voluntarily waived his right to appeal his conviction and sentence. Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the scope of the appellate waiver, including the sentencing issues raised in the *Anders* brief.

Although Hall's appellate waiver covers his right to appeal his conviction, it does not preclude our review of the validity of his guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018); *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). We therefore deny in part the Government's motion to dismiss. Because Hall did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error only. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). And we conclude that Hall is not entitled to relief from his guilty plea under the plain-error standard.

3

That is, the district court substantially complied with Rule 11 and properly found that Hall's plea was knowing, voluntary, and supported by an independent factual basis. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). While Hall contends that the district court did not adequately explain the elements of Count 1 and that the written factual basis does not support his conviction on that count, neither contention persuades us.[1] We are thus satisfied that Hall's guilty plea is valid.

Hall also argues that a conflict exists between the district court's oral pronouncement of his sentence of imprisonment and the written judgment's description thereof. Hall claims that the district court orally sentenced him to a total of only 240 months' imprisonment and that the written judgment—imposing a total sentence of 454 months and 13 days of imprisonment—should be amended to reflect that oral pronouncement. Assuming that Hall's argument escapes the appeal waiver, *see United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021), we conclude that it is frivolous. Put

---

[1] Hall faults the district court for failing to explain what constitutes "a pattern of racketeering activity" before accepting his guilty plea to Count 1. 18 U.S.C. § 1961(5); *see generally* 18 U.S.C. § 1962. But Hall identifies no authority requiring a district court to give such advice before accepting a guilty plea to a racketeering conspiracy offense, so any error is not "clear or obvious." *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013). Moreover, the superseding indictment described "a pattern of racketeering activity," and Hall confirmed at the Rule 11 hearing that he read and understood the charges against him. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Hall also admitted to many racketeering activities when he agreed that the written factual basis was accurate. *See* 18 U.S.C. § 1961(1). We are thus satisfied that, even if the district court plainly erred, that error did not affect Hall's substantial rights. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Hall further contends that he admitted to only one racketeering activity, so there is an insufficient factual basis for his guilty plea to Count 1. *See* 18 U.S.C. § 1961(5). But, as just explained, the record refutes his contention.

simply, there is no conflict between the district court's oral pronouncement of Hall's prison sentence and the written judgment's description of that sentence.

Finally, Hall asserts that his trial counsel rendered ineffective assistance by failing to challenge his guilty plea to Count 1 and by neglecting to argue that a conflict exits between the oral pronouncement of his sentence and the written judgment. We do not consider ineffective assistance of counsel claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). "Because there is no conclusive evidence of ineffective assistance on the face of this record, we conclude that [Hall's] claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside of the appellate waiver or not waivable by law.[2] We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver. We also deny in

---

[2] We observe that the parties agreed in the plea agreement that a four-year term of supervised release was sufficient for Count 2, but the district court imposed a five-year term on that count. Notwithstanding, the plea agreement reflects that the parties' recommendation on the supervised release term was not binding on the district court. Moreover, although the Government agreed in the plea agreement to recommend a four-year term of supervised release on Count 2 and apparently never did so, we conclude that the Government's failure does not entitle Hall to relief. The record does not show that the Government advocated for a different term of supervised release on Count 2, and the presentence report described the Government's obligation to make a four-year recommendation as to Count 2, so the district court was aware of it. *See United States v. Reeves*, 255 F.3d 208, 210-11 (5th Cir. 2001); *United States v. Smith* 140 F.3d 1325, 1327 (10th Cir. 1998).

part the motion to dismiss and affirm as to any issue not precluded by the appellate waiver. At this juncture, we deny Hall's counsel's request to withdraw.

This court requires that counsel inform Hall, in writing, of the right to petition the Supreme Court of the United States for further review.  If Hall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Hall.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART AND*
*DISMISSED IN PART*